476

In re COWDERY.
Patent Appeal No. 3193.

Court of Customs and Patent Appeals.
Feb. 12, 1934.

Slough & Canfield, of Cleveland, Ohio (Donald A. Gardiner, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner denying appellant's application for a patent for an alleged invention relating to a design for shafts for fishing rods and similar articles.

The claim is: "The ornamental design for a shaft for fishing rod or similar article as shown and described."

The references are: Cowdery, D—73,777, November 8, 1927; Cowdery, 1,670,531, May 22, 1928.

The drawings of appellant's application disclose a golf club shaft composed of long and short cylindrical sections. Between the several long sections, which are of uniform, but of progressively smaller, diameter, are groups of the short sections, also of uniform, but of progressively smaller, diameter. By such an arrangement of the cylindrical sections, the "annular junctions between" them give an ornamental appearance to the shaft.

The design patent to Cowdery, No. 73,777, discloses a shaft for a golf club "particularly characterized," according to the patent, "by the provision of a handle shaft of gradually stepped short substantially cylindrical portions of progressively less and less diameter from the handle to the head end of the shaft wherein a distinctive ornamental appearance is imparted to the shaft by the annular junctions between the sections."

The patent to Cowdery, No. 1,670,531, discloses a tubular metallic golf club shaft composed of cylindrical sections of progressively smaller diameter, the drawings of which closely resemble the Cowdery patented design heretofore described. It differs from the patented design, however, in that, although the cylindrical sections extending from the middle of the shaft to the head of the club are approximately uniform in length, those extending from the middle to the handle of the shaft are varied in length, being progressively longer; whereas, the cylindrical sections composing the shaft disclosed in the patented design, although also progressively smaller in diameter from the handle to the head end of the shaft, are apparently uniform in length.

In the reference patent, No. 1,670,531, the patentee stated that, in order to obtain "relatively more flexure in the portion of the shaft more nearly adjacent the head," he *varied the rate of change of diameter* in different *portions of the shaft by varying the length* of the cylindrical sections. The patentee further stated that the invention was not intended to be limited to a shaft "wherein the rate of change of diameter *is thus increased toward the head end of a golf shaft,* as I contemplate making any beneficial change that may be desired and which is capable of being accomplished *by varying the rate of change of diameter of the shaft. * * * A user may desire a greater number of short sections than shown on the drawings* in order to produce a shaft having greater 'whip' in use, while another user *may desire a less number of short sections and a greater number of long sections* to produce a less distributed 'whip' action but with a 'snap' action limited to a smaller length at the club end of the shaft. Such variations from the embodiment illustrated in the drawings depending upon individual preference, are herein contemplated as a part of this invention broadly considered." (Italics ours.)

It is evident, we think, that the patentee not only contemplated, but clearly disclosed, the idea of *varying the rate of change of diameter* of a golf club shaft *by varying the length of the cylindrical sections at any point or points desired.* Accordingly, we are of opinion that such disclosure is sufficient to suggest appellant's design to one skilled in

the art; that appellant has done nothing more than to select one of the many designs therein suggested; and that, therefore, appellant's design is not patentable over the references. See In re Barber, 62 F.(2d) 364, 20 C. C. P. A. 766.

The decision of the Board of Appeals is affirmed.

Affirmed.